See next case.

## Repplier, Appellant, *v.* Jacobs.

*Stock gambling—Deposit with broker when recoverable.*

After gambling transactions in stocks are closed between the principal and his broker, an account rendered, accepted and settled, the profits distinguished and separated from the original deposit and paid over to the principal, leaving in the broker's hands only the original deposit made by the principal, which both parties recognize as the money of the principal held by the broker as such, the principal is entitled to recover from the broker the amount of such deposit. Peters v. Grim, ante, followed.

*Money—identity of.*

Money is not ordinarily earmarked, nor will the law inquire if it is the identical coin or bank notes. The same amount of money is the same money in law, whether represented by the identical coin or not.

Argued March 2, 1892. Appeal, No. 295, Jan. T., 1892, from judgment of C. P. Berks Co., May T., 1891, No. 56, for defendant, F. S. Jacobs, n. o. v. for plaintiff, J. F. Repplier. Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Assumpsit for money had and received.

On the trial, it appeared that the plaintiff had deposited with the defendant, a broker, $1,500, as margin to cover possible losses on purchases of Reading Railroad General Mortgage Bonds to the amount of $15,000. Defendant became embarrassed and his Philadelphia correspondents sold out his holdings, including plaintiff's bonds, the sale of which showed a profit of $344.27, which amount defendant paid plaintiff, and assigned to him, as a collateral for the $1,500, an equity of $1,500 in a mortgage. On a sale of the mortgaged premises, the plaintiff realized but $375.77. For the balance of the $1,500, plaintiff brought this suit. Plaintiff's counsel having admitted that the amount for which the suit was brought consisted of the proceeds of a transaction in bonds by way of margins, settle-

ment of differences and payment of the gain or loss without any notice to deliver the bonds, the court directed a verdict for the plaintiff, reserving the following point: " The testimony in this case showing that the amount for which this suit is brought consists of the proceeds of a transaction in bonds, by way of margins, settlement of differences, and payment of the gain or losses, without any intention to deliver the bonds, and being founded upon a wagering transaction, and, therefore, against public policy, and void, a settlement of the transaction would not prevent the defence of illegality from being set up in this case, and the verdict would be for the defendant."

The verdict was for the plaintiff in the sum of $1,236.68. Subsequently the court entered judgment for the defendant, n. o. v., in an opinion by ERMENTROUT, P. J.

*Errors assigned* were, (1) the reservation of the point as above, quoting it; (2, 3) entering judgment for the defendant, n. o. v.

*George J. Gross, Jr.*, for appellant.—Although the transactions in the bonds may have been illegal, they were ended and the plaintiff is entitled to recover: Lestapies v. Ingraham, 5 Pa. 81; Bly v. Bank, 79 Pa. 456; Wright v. Pipe Co., 101 Pa. 206; Fox v. Cash, 11 Pa. 207; Planters' Bank v. Union Bank, 16 Wall. 483; Brooks v. Martin, 2 Wall. 71; Collins v. Nevins, 13 P. L. J. (N. S.) 238; Swan v. Scott, 11 S. & R. 164; Thomas v. Brady, 10 Pa. 170; Scott v. Duffy, 14 Pa. 20; Morris Coal Co. v. Barclay Coal Co., 68 Pa. 173; Conklin v. Conway, 18 Pa. 329; Com. v. Barrett, 40 Leg. Int. 474.

*Henry Maltzberger, H. Maltzberger* with him, for appellee.—A settlement of a stock-gambling transaction, void or illegal, because contrary to a statute or against public policy, will not prevent the defence of illegality from being set up and enforced in an action upon the contract, or upon verbal promises and agreements, bills and notes, bonds and warrants, mortgages, accounts stated, or any other written acknowledgments of indebtedness and promises to pay, made or given as part of the settlement or in connection therewith: Patterson's Appeal, 13 W. N. C. 154; Griffiths's Appeal, 16 W. N. C. 249; Fareira v. Gabell, 89 Pa. 89; Collins v. Nevins, 13 P. L. J. (N. S.) 238; Thompson's Est., 15 Phila. 533; Griffiths v. Sears, 112 Pa. 523:

Gheen, Morgan & Co. v. Johnson, 90 Pa. 38; Brua's Appeal, 55 Pa. 294; Ex parte Bulmer, 13 Ves. 313; Everingham v. Meighan, 55 Wisc. 354; In re Green, 15 Nat. Bank. Reg. 198; Grizewood v. Blane, 73 E. C. L. 526: Barnard v. Backhaus, 52 Wisc. 593; Flagg v. Baldwin, 38 N. J. Eq. 219; Yerkes v. Salomon, 11 Hun (N. Y.) 471; Steers v. Lashley, 6 T. R. 61; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173.

OPINION BY MR. JUSTICE MITCHELL, May 9, 1892.

This case is very similar to Peters v. Grim, decided at the present term, and is governed by the same principles. In this as in that case the transactions, whatever their character, were completed and over, an account had been rendered, accepted and settled, the profits distinguished and separated from the original deposit, and paid over to the plaintiff, leaving in defendant's hands only the deposit, which both parties recognized as plaintiff's money, held by defendant as such. Even conceding the prior transactions to have been gambling operations, that character did not necessarily continue forever, as to the balance remaining due after the settlement of the account. On the contrary, that money had been definitely withdrawn from the illegal use. It was no longer in use as part of the old stock purchases, and was not to be ventured in new ones. It was money of plaintiff in the hands of defendant which the former was entitled to recover.

The argument that it was not the same money that plaintiff originally deposited but part of the winnings of the illegal transactions is of no weight. The cases where money is required to be earmarked, or where the law will inquire whether it is the identical coin or bank notes are exceptional. For all ordinary purposes in law as in the business of life, the same sum of money is the same money, whether it is represented by the identical coin or not. A depositor in bank never except by chance gets back the identical cash he deposits, that becomes the property of the bank, but the amount of his deposit is his money in law all the time, no matter how it is repaid to him, and this is the general rule. The parties here as already said distinguished and separated the profits from the deposit, and defendant paid the former to the plaintiff. The balance that was left unpaid was agreed and treated by both parties as the

original deposit, and for purposes of title and right to recover it such it was, as much as if it had been put into bank in notes and drawn out in coin of the same amount.

Judgment reversed and judgment ordered to be entered for plaintiff on the verdict.

See preceding case.

A motion for reargument was filed by counsel for appellee May 16, 1892. May 23, 1892, PER CURIAM, reargument refused.