# Assigned Estate of L. H. Taylor & Company. Appeal of Harry J. Lex.

192  513
194  562

*Contract—Gambling contracts—Speculation in stocks.*

Where a customer of a broker elects to treat a transaction in stocks as a purchase, and to settle his account on that basis, the transaction is valid, whatever may have been its original character.

Argued March 27, 1899. Appeal, No. 21, Jan. T., 1899, by Harry J. Lex, from order of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 556, dismissing exceptions to auditor's report. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to auditor's report.

The auditor, Francis Shunk Brown, Esq., reported as follows :

Harry J. Lex claimed $6,242.22. His transactions from April 21, 1893, to the time of the assignment covered five pages of L. H. Taylor & Company's ledger. His account is largely made up of "short" sales, with subsequent purchases "to cover." Thus, on November 30, 1894, he ordered "short" sales of 200 shares of Erie Railroad Company, 200 shares of American Sugar Refining Company, common, and 200 shares of Chicago Gas Company. On February 28, 1895, he was "short" 100 shares of Erie Railroad Company, 100 shares of Chicago, Rock Island and Pacific Railroad Company, 100 shares of General Electric Company, and 100 shares of Chicago Gas Company. On April 30, 1894, he was "short" 200 shares of Western Union Telegraph Company, and 100 shares of Chicago, Burlington and Quincy Railroad Company. His account does not show a single delivery. This I consider another typical gaming account. I find that no delivery was intended, and disallow the claims.

On exceptions the auditor reported as follows :

It was strongly urged by Charles E. Lex, Esq., in support of this account that the claim was a balance "arising from the sale of stocks delivered to the assignors as collateral for claimant's

transactions, after deducting the sum due the assignors." I have carefully considered the additional evidence submitted at the time of the argument, and I am compelled to adhere to my former ruling. I cannot differentiate the deposit of stock as margin from the deposit of cash as margin. Under the law, the balance arising from gambling transactions which has not been closed prior to the assignment and which is partly made up from the proceeds of stock deposited as collateral therefor, is in no better position than if the security deposited had been cash.

I overrule the exception.

*Errors assigned* were in dismissing exceptions to auditor's report.

*William Henry Lex*, for appellant, cited Repplier v. Jacobs, 149 Pa. 167; McNaughton Co. v. Haldeman, 160 Pa. 144.

*Richard C. Dale*, with him *C. Berkley Taylor*, for appellees, cited Wagner v. Hildebrand, 187 Pa. 136.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1899:

This is another claim against the estate which was considered in Howard's Appeal, ante, p. 304, a reference to which will sufficiently disclose the general facts. When the firm failed this appellant was indebted to them in about $3,000 for balance due on purchases of stock they had made for him, but as collateral security for this balance they held other stocks previously bought and paid for by him, worth over $9,000. He tendered the balance due by him and demanded his collateral. It could not be returned, having been hypothecated by them under a general authority, but they credited him with its value, thus making a balance due him of $6,300. His claim for this balance was disallowed by the auditor on the ground that it was the result of gambling transactions. As already discussed in Howard's Appeal, ante, p. 304, and Austin's Appeal, ante, p. 309, there was no sufficient evidence that the transactions were not actual purchases and sales and no attempt to test them by the settled rule, as held in Peters v. Grim, 149 Pa. 163.

. But apart from this consideration, the evidence clearly showed

an election by the appellant to treat the last transaction as a purchase (all previous ones being closed), and to settle the account on that basis. Under Peters v. Grim, 149 Pa. 163, Repplier v. Jacobs, 149 Pa. 167, McNaughton Co. v. Haldeman, 160 Pa. 144, and Anthony & Co. v. Unangst, 174 Pa. 10, this made it valid whatever had been its original character.

The judgment so far as relates to this appellant's claim is reversed, and the claim directed to be allowed.