## Bauer *v.* Fabel, Appellant.

*Contract—Wagering contract—Gambling in stocks—Margin—Check.*

In an action of assumpsit on a check given by the defendant to the plaintiff in payment of a balance due on an account between them which involved the purchase and sale of shares of stocks on a margin, the plaintiff is entitled to recover so much of the check as represents the amount deposited with the defendant as margin, where the amount representing the deposit can be clearly distinguished from the amount representing profits on the transaction which had been closed.

Argued March 9, 1908. Appeal, No. 212, Jan. T., 1907, by defendant, from judgment of C. P. Monroe Co., Sept. T., 1906, No. 24, on verdict for plaintiff in case of Jacob Bauer v. George W. Fabel. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a check. Before STAPLES, P. J.

The court charged in part as follows :

[But if you find that this transaction was not a legal transaction, but that under the facts, as you have heard them testified to, and as explained by the court, it was a gambling transaction, then the court instructs you, under all the testimony in this case, and that finding, that George W. Fabel was a simple stakeholder. If you find that he simply held this money, and he bought no stocks with it, and he sold no stocks, and that the plaintiff understood that that was just what he was going to do with it, or that he sent it to Sage & Company and no stocks were bought and no stocks were sold, and the money came back to George W. Fabel, then as far as the $2,000 was

concerned, which it was testified to was margins, and included in this check of $3,260.50, it was nothing more than a stake which George W. Fabel, the defendant, held for Jacob Bauer, the plaintiff. As the court remembers the testimony it. was clearly shown, without contradiction, that this check was made up of $2,000 which was margin deposited by the plaintiff in this case on these transactions, whether legal or illegal, as you should find them, and that when George W. Fabel sent this check it was intended to pay that $2,000 back and $1,262.50 profits. As the court remembers it, there is no question about that. If it was denied in any way, I would like counsel to so state now.

If this check was made up in such a way that the sums which it represented could not be distinguished or separated, you could not tell how much of it was profits on these transactions and how much was margin, we would instruct you that you could not guess at it, and therefore you could not find a verdict with regard to it.

But the two kinds of transactions, or the two kinds of amounts that it represented being so easily ascertained, the $2,000 being money deposited on margin and the $1,260.50 being profits, there is no trouble in your minds and none in the mind of the court what should be done in the matter relative thereto.

The Supreme Court of our state holds that where a man received money as a stakeholder, no matter whether it is received for a legal purpose or an illegal purpose, the man who pays that money to the stakeholder has the right to demand it back, and if he does not pay it back, sue and recover in a court of justice. Not even that the man should keep the identical money as a stake, and so hold it, until the matter upon which it was paid was decided, but only so it can be arrived at and distinguished, and our courts have gone further and held that gambling transactions in stocks are wagering transactions, and that the broker in that case is nothing more than a stakeholder, and he cannot resist the payment of the money to the man who deposited it there on margins, by stating that man paid it to him for an illegal purpose, and that he is not bound to pay it back. The Supreme Court, in the opinion of this court, says that a person who deposits that

money as a stake has the right to the return of it, and as the amount can be ascertained in this case, we say to you that in case you find the transactions between these parties as gambling transactions, then your verdict should be in the sum of $2,000 in favor of the plaintiff, with interest from August 24, 1906.

You may wonder in your own minds, gentlemen of the jury, why this amount is larger than the other amount. It is larger than if you find that the transaction was a fair transaction, and the court explains to you that the reason of that is, that if you find the transactions were gambling transactions, the court must take the defendant at his own word, and as these moneys represented by the check of $2,000 were invested by him in gambling transactions, he has no right to recover from the plaintiff in this case. He must either stand by his proposition in the whole or else drop it, and if he claims that the whole matter was a gambling transaction, through and through, all that he can defend against is the profits in this transaction, and those profits were $1,262.50. We think we have explained this matter now clearly to you.

In other words, gentlemen of the jury, in order that there will be no confusion in your minds under the instruction as the court gives it to you, your verdict should be in favor of the plaintiff, either for $1,962.50, with interest from August 24, 1906, or for the sum of $2,000, with interest from August 24, 1906, as you shall decide that first proposition which was given to you by the court.] [4]

Verdict and judgment for plaintiff for $2,076.67. Defendant appealed.

*Error assigned* amongst others, was above instruction, quoting it.

*Rogers L. Burnett*, for appellant.—Plaintiff comes into court with a suit in which he asks the court to assist him in consummating the illegal transactions, by not only recovering the profits of such transactions, but to compel the payment back to him of the money he paid to Fabel, money which was the instrument by means of which the illegal profits were made, and which alone made the gambling transactions pos-

sible : Brua's App., 55 Pa. 294 ; Waugh v. Beck, 114 Pa. 422 ; Ruchizky v. DeHaven, 97 Pa. 202 ; Dauler v. Hartley, 178 Pa. 23 ; Gaw v. Bennett, 153 Pa. 247 ; Albertson v. Laughlin, 173 Pa. 525.

*Wilton A. Erdman,* for appellee.—Fabel was merely a stakeholder : Dauler v. Hartley, 178 Pa. 23.

It is a well-settled principle of law in this state that even where the transactions are of a gambling nature, if the parties meet, treat the transactions as actual purchases and sales, ascertain the amount due, and arrange for the payment of the difference, that the illegal character of the transactions cannot subsequently be set up as a defense : Lestapies v. Ingraham, 5 Pa. 71 ; Allen v. Line, 11 Pa. Superior Ct. 517 ; Peters v. Grim, 149 Pa. 163 ; Repplier v. Jacobs, 149 Pa. 167 ; J. C. McNaughton Co. v. Haldeman, 160 Pa. 144 ; Taylor Co.'s Est., 192 Pa. 313 ; Anthony v. Unangst, 174 Pa. 10.

Fabel was an agent : Smith v. Blachley, 188 Pa. 550 ; Baldwin Bros. v. Potter, 46 Vt. 402 ; Hertzler v. Geigley, 196 Pa. 419 ; Com. v. Shober, 3 Pa. Superior Ct. 554.

PER CURIAM, May 4, 1908 :

This was an action on a check for $3,262.50 given by the defendant to the plaintiff in payment of the balance due on an account between them which involved the purchase and sale of shares of stock on margin. The money deposited as margin was $2,000, and the balance of the check, $1,262.50, represented profits on purchases and sales that had been made. The jury found that the transaction was a wagering one and by direction of the court rendered a verdict for the amount of the deposit only, with interest.

The defendant bought the stocks through a third party to whom he transferred the deposit and from whom he received back the deposit with the profits, and it is at least doubtful whether he should not have been regarded as an agent who had received money for his principal and could not avoid liability by setting up the illegality of the transaction from which the money came : Smith v. Blachley, 188 Pa. 550 ; Hertzler v. Geigley, 196 Pa. 419. But be this as it may, the transaction in which the deposit was made was closed, and the deposit

could be recovered back. In Peters v. Grim, 149 Pa. 163, Repplier v. Jacobs, 149 Pa. 167, and J. C. McNaughton Co. v. Haldeman, 160 Pa. 144, it was held that where wagering transactions in stocks had been closed and there remained nothing in the broker's hands but the original deposit made by his principal, it could be recovered back. The same rule should apply to the deposit although the profits are in the broker's possession, where one can be readily and clearly distinguished from the other, and the plaintiff does not require the aid of the original transaction to prove his case.

The judgment is affirmed.